UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLYNN LEWIS, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

v.

TEXAS NOMADS, INC. a Foreign
Profit Corporation, GULF COAST
VENTURES, INC., a Texas Domestic
For-Profit Corporation, ONUR, INC., a Texas
Domestic For-Profit Corporation and UJ
TRADING LTD. CO., a Texas Domestic
Limited Liability Company,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GLYNN LEWIS ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, TEXAS NOMADS, INC., ("TN"), a Foreign Profit Corporation, GULF COAST VENTURES, INC., ("GCV"), a Texas Domestic For-Profit Corporation, ONUR, INC., ("ONUR"), a Texas Domestic For-Profit Corporation, and UJ TRADING LTD. CO., ("UJT"), a Texas Domestic Limited Liability Company, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

**PARTIES**

4. At all times material hereto, Plaintiff was and continues to be a resident of Sarasota County, Florida.

5. At all times material hereto, TN was and continues to be a Foreign Profit Corporation. Further, at all times material hereto, TN was and continues to be engaged in business in Florida, with its principal place of business in Sarasota County, Florida.

6. At all times material hereto, GCV was and continues to be a Texas Domestic For-Profit Corporation. Further, at all times material hereto, GCV was and continues to be engaged in business in Florida, with its principal place of business in Sarasota County, Florida.

7. At all times material hereto, ONUR was and continues to be a Texas Domestic For-Profit Corporation. Further, at all times material hereto, ONUR was and continues to be engaged in business in Florida, with its principal place of business in Sarasota County, Florida.

8. At all times material hereto, UJT was and continues to be a Texas Domestic Limited Liability Company. Further, at all times material hereto, UJT was and continues to be engaged in business in Florida, with its principal place of business in Sarasota County, Florida.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the "employers" within the meaning

of FLSA.

12. Defendants were and continue to be "employers" within the meaning of FLSA.

13. At all times material hereto, TN was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

14. At all times material hereto, TN was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

15. At all times material hereto, GCV was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

16. At all times material hereto, GCV was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

17. At all times material hereto, ONUR was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

18. At all times material hereto, ONUR was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

19. At all times material hereto, UJT was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

20. At all times material hereto, UJT was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

21. At all times material hereto, Defendants were a "joint enterprise" within the meaning of the FLSA.

22. At all times material hereto, Defendants functioned as a single unit with the express common business purpose of manufacturing and selling remote control toys, such as cars, airplanes, helicopters, boats, tanks and motorcycles.

23. At all times material hereto, Defendants were earned and operated by the same individuals as one another.

24. At all times material hereto, Defendants comingled assets, including money and inventory.

25. At all times material hereto, Defendants jointly employed multiple employees simultaneously.

26. At all times material hereto, Defendants utilized the same suppliers and/or vendors, under one common account.

27. At all times material hereto, Defendants all maintained a common management structure, whereby the same individuals simultaneously managed all entities.

28. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

29. At all times relevant hereto, Defendants had more than two employees.

30. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

31. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

32. Specifically, Plaintiff was regularly and customarily engaged in interstate communications with Defendants' headquarter in Texas, and regularly and customarily processed interstate credit card payments on behalf of Defendants for their customers.

33. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

34. The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

35. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

36. On or about March of 2010, Defendants hired Plaintiff to work as a non-exempt sales associate.

37. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

38. From at least March of 2010 and continuing through the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

39. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

40. Defendants have violated Title 29 U.S.C. §207 from March of 2010 and continuing through the present, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to

5

properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

41. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff re-alleges and reavers paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43. From March of 2010 and continuing through the present, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

47. Defendants failed to properly disclose or apprise Plaintiff of his rights under the

FLSA.

48.  Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49.  Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50.  At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

51.  Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

52.  Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.  Awarding Plaintiff the declaratory relief sought herein;

c.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.  Awarding Plaintiff pre-judgment interest;

g.  Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "non-exempt employees" employed by Defendants within the past 3 years; and

h.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 24, 2013

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff